Locke, Judge,
 

 delivered the opinion of the Court:— In deciding this question, it becomes necessary to examine the acts of Assembly which prescribe the duty of the. Justice in receiving lists of taxable property, and the duty of the owner in returning his list. The first act on the subject, is that of April If 84, which, after directing ’’that a Justice of the Peace shall he appointed to take in the lists of taxable property, in each captain’s company, and requiring him to give notice of the time and place of receiving such lists, prescribes in the 4th clause, the
 
 *169
 
 duty of the owner, as follows : “ The inhabitants of the respective districts, in each county, shall attend at the time and plade to be appointed, and shall return on oath, in writing, to the Justice appointed to receive the same, a list of all the taxable property which to him belonged, or of which he was possessed on the first day of April then last past.” The act then prescribes the oath which the Justice is to administer to him: <eYou do swear or affirm, that this list by you delivered, contains a just and true account of all the property, for which, by law, you are subject to pay taxes, to the best of your knowledge and belief.” The 7th clause directs the Justice to return such list to the County
 
 Couvt.
 
 The 8th clause imposes a penalty on those who fail or refuse to return such list: ,£lf any master or mistress of a family, his or her agent, manager or attorney, after due notice given as aforesaid, shall fail or neglect to attend and return inventories of his or her taxable property in manner before mentioned, each and every person, so failing shall forfeit and pay the sum of fifty pounds, and shall also pay a double tax. The number of polls, &c. belonging to the person neglecting as aforesaid, to be reported by the Justice, to the best of his knowledge.”
 

 By this act the duty of the owner and the duty of the Justice are clearly defined j and it is only in cases where the owner fails or neglects to attend and return a list, that any latitude or discretion is given to-the Justice of making a return,
 
 to the best of his knowledge,
 
 for the delinquent. The law evidently intended to vest in each individual the right of making out his own list, and hind him by the solemnity of an oath to do it truly. "Where, therefore, an individual tenders to the Justice his list, and swears to it, the Justice is bound to receive it and return it as the true list. He has no right to add to this list a single article. Indeed, to delegate such/ a power to a Justice of the Peace, would be to expose property to his will and
 
 pleasure;
 
 for by the return the ad;
 
 *170
 
 djtion made by the Justice appears as the act of the party, and the Sheriff is bound to collect the tax, or pay it himself. There is no doubt, if a Sheriff discovers that an ¡1Hiivp]ua] iias omitted to return a part of his property which is taxable, that he may collect the tax from the owner $ but such collection is made at his own risk, and if wrongfully made, the party has his remedy against the Sheriff. But where the Justice makes an addition to the list, it appearing to be the list returned by the owitfr, he must pay the tax, let it be just'or unjust, and has no remedy for the injury sustained. Without, therefore, giving any opinion whether, in this case, the billiard table was taxable, we say that the Justice, by adding it to the list returned by Tores, has exceeded his authority, and that Tores is not bound to pay the tax in consequence of his return ; that, therefore, the writ of certiorari ought to be sustained, and the supersedeas issued as to the collection of the tax, by virtue of such return, be made perpetual. We do not intend to restrain the. discretion of the Sheriff in collecting this tax, if he choose to encounter the risk, and proceed upon the ground that the billiard table was liable to tax, and Tores has omitted to return it. Tiie law has given him a discretion on the subject, and he may proceed, if he be willing to risk his own liability for such collection.